IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERROL FULFORD-EL, #1514324,      *
    Plaintiff,
v.                                *  CIVIL ACTION NO. WDQ-12-2844

WARDEN OF BCDC TUTHILL            *
    Defendant.
                           ***

MEMORANDUM OPINION

On September 21, 2012, Errol Fulford-El, *pro se*, filed this civil rights complaint seeking damages for alleged constitutional violations associated with his medical diet (no soy products), access to religious services, and conditions of his pre-trial confinement while housed at the Baltimore City Detention Center ("BCDC"). ECF No. 1.

On January 29, 2013, the Defendant, the former Warden at BCDC, filed a motion to dismiss or, alternatively, for summary judgment. ECF No. 10. On March 4, 2013, the Plaintiff filed a "motion of opposition." ECF No. 15. On March 12, 2013, the Defendant replied. ECF No. 16. No hearing is required. *See* Local Rule 105.6. (D. Md. 2011). For the following reasons, the Defendant's motion, construed as one for summary judgment, will be granted.

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (citation and internal quotation marks omitted).

The Defendant asserts that the Plaintiff is not entitled to relief because he has failed to exhaust his administrative remedies. ECF No. 10-1 at 4. Under the Prison Litigation Reform Act, a detainee must exhaust all available administrative remedies before filing suit challenging his conditions of confinement. 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 84 (2008). According to Kelvin L. Harris, Director of Standards, Compliance, and Litigation for the Maryland Division of Pretrial Detention and Services, the Plaintiff has not filed any grievances about his claims in this case.[1] ECF No. 10-3 ¶¶ 1, 9. The Plaintiff has not submitted any evidence to the contrary. Accordingly, the Defendant is entitled to judgment as a matter of law.

Further, the Defendant asserts that he has no personal liability under § 1983. ECF No. 10-1 at 7. The doctrine of respondeat superior does not apply in § 1983 actions. *See Monell v. New York Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978). The Plaintiff must prove that the Defendant was personally involved in the alleged deprivations or that: (i) he had actual or constructive knowledge that his staff was engaged in unconstitutional conduct; (ii) he tacitly authorized the conduct; and (iii) there was an affirmative causal link between the Warden's inaction and the injury suffered by the Plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.

---

[1] Plaintiff filed two grievances for issues not related to this case, but did not progress past the first of four steps. *See* ECF No. 10-2 ¶¶ 7-8.

1994); *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984). The Plaintiff has not shown--or even alleged--the Defendant's personal involvement or knowledge. *Cf.* ECF Nos. 1, 15. Accordingly, he cannot prevail on his claim. *See Monell*, 436 U.S. at 691; *Shaw*, 13 F.3d at 799.

For these reasons, the Defendant's motion for summary judgment will be granted, and the Plaintiff's "motion of opposition" will be denied.

8/15/13
Date

William D. Quarles, Jr.
United States District Judge